UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

In re:

Theodosia Allison Riffe,
Roland Gene Riffe,
    Debtors.

Case No. 07-50395-7

## ORDER AND OPINION

This matter came before the court for hearing on April 11, 2007 upon the Debtors' application to proceed in forma pauperis filed on March 13, 2007. At the hearing, the Debtors appeared pro se and Robyn Whitman appeared on behalf of the Bankruptcy Administrator. Based upon a review of the Motion and the evidence presented, this court makes the following findings of fact and conclusions of law:

Theodesia and Roland Riffe (the "Debtors") filed a voluntary Chapter 7 petition on March 13, 2007. Contemporaneously with their petition, the Debtors filed an application to proceed in forma pauperis ("IFP"). On their IFP application, the Debtors listed their total combined monthly income, drawn from Line 16 of their Schedule I, as $1,941.00 per month. Their expenses, drawn from line 18 of Schedule I, were listed as $1,943.00 per month. The Debtors are married and have one minor child. The female Debtor testified at the hearing that, to the best of her recollection, she and her husband received a refund for 2006 income taxes in the approximate amount of $4,000, which was used to pay bills and household expenses. The Debtors later supplied their income tax returns to the court, which showed that they received a federal refund in the amount of $4,568.00 and a North Carolina state income tax refund in the

amount of $826.00, for a total 2006 income tax refund of $5,394.00.

Pursuant to 28 U.S.C. § 1930(f), a bankruptcy court may allow a Debtor to proceed IFP and waive the filing fee if a two-part test is met.[1] First, line 16 of the Debtors' Schedule I must show net income of less than 150 percent of the official poverty line applicable to a family of the size involved, as defined by the Office of Management and Budget. If the first part is met, the court must then determine whether the debtor is unable to pay the fee in installments, based on the totality of the circumstances. *See, e.g., In re Nuttall*, 334 B.R. 921, 923 (Bankr. W.D. Mo. 2005); *In re Lineberry*, 244 B.R. 487, 487 (Bankr. W.D. Va. 2006); *In re Burr*, 244 B.R. 234, 235-36 (Bankr. W.D.N.Y. 2006); *In re Bradshaw*, 349 B.R. 511, 512-13 (Bankr. E.D. Tenn. 2006); *In re Kauffman*, 354 B.R. 682, 685 (Bankr. D. Vt. 2006); *In re Spisak*, __ B.R. __, at *2 (Bankr. D. Vt. 2007); *In re Machia*, __ B.R. __, at *2 (Bankr. D. Vt. 2007).

According to the 2007 poverty guidelines, the poverty threshold for a family of three is $17,120.00. Federal Register, Vol, 72, No. 15, Jan. 24, 2007, pp. 3147-48. One hundred fifty percent of that threshold is $25,680.00, or $2,140.00 per month. To determine whether the Debtors have income below this threshold amount, this court must look to Line 16 of the Debtors' Schedule I. *See, e.g., In re Spisak*, __ B.R. __, at *2 (Bankr. D. Vt. 2007); *In re Machia*, __ B.R. __, at *2 (Bankr. D. Vt. 2007); *In re Lineberry*, 244 B.R. 487, 487 (Bankr. W.D. Va. 2006); *In re Burr*, 244 B.R. 234, 235-36 (Bankr. W.D.N.Y. 2006); *In re Bradshaw*, 349 B.R. 511, 512-13 (Bankr. E.D. Tenn. 2006); *In re Kauffman*, 354 B.R. 682, 685 (Bankr. D.

---

[1] The two-part test, which has been adopted by bankruptcy courts, was originally promulgated by the Judicial Conference of the United States. *See Judicial Conference of the United States Interim Procedures Regarding the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005*, Aug. 11, 2005, at http://www.uscourts.gov/bankruptcycourts/jcusguidelines.html.

Vt. 2006); *In re Nuttall*, 334 B.R. 921, 923 (Bankr. W.D. Mo. 2005). The Debtors listed their monthly income on Schedule I at $1,941.00 per month; therefore, the first part of this test has been met.

However, the fact that the Debtors have income below 150 percent of the 2007 poverty guideline is not determinative. Under the second part of the test, this court must determine whether the Debtors are unable to pay the fee in installments based on the totality of the circumstances. A debtor seeking to proceed IFP bears the burden of showing an inability to pay. *In re Nuttall*, 334 B.R. at 923. After examining the totality of the circumstances, including the $5,394.00 income tax refund received by the Debtors, this court cannot find that the Debtors are unable to pay the $299 filing fee. Assuming that the Debtors' income tax refund has not been withheld from the male Debtor's pay, the household would have received approximately $450 per month in additional income, giving the Debtors monthly net income of $2,391 per month, which is greater than 150 percent of the poverty threshold. Although the Debtors bore the burden of proving that they could not pay the filing fee in installments, the female Debtor provided no testimony or evidence explaining why the income tax refund monies could not be applied towards the $299 filing fee.

When faced with similar facts, the U.S. Bankruptcy Court for the Western District of Virginia found that debtors who had received a sizeable income tax refund had the ability to pay the Chapter 7 filing fee under the second part of the two-part test. *In re Lineberry*, 244 B.R. at 490 (holding that the debtors had the ability to pay the filing fee when they received a $3,400 tax refund). This court is similarly convinced that, given the substantial 2006 income tax refund the Debtors received, the Debtors have not met their burden of proving that they are unable to pay

the $299 Chapter 7 filing fee.

IT IS ORDERED that the Application to proceed in forma pauperis is DENIED.

IT IS FURTHER ORDERED that the Debtor pay the total filing fee in the amount of $299.00, as follows:

$ 99.00 on or before 5/4/07; and

$100.00 on or before 5/18/07; and

$100.00 on or before 6/1/07.

## SERVICE LIST

**ALL PARTIES OF RECORD AS OF THE DATE OF THE ORDER SHALL BE SERVED BY THE BANKRUPTCY NOTICING CENTER**